JULY TERM, 1883, No. 114.                JANUARY 21, 1884.

# Harris v. Wainwright.

1. A garnishee in his answers to interrogatories averred that there was no balance in his hands in favor of defendants, that he was not at the service of the writ, nor had he been since indebted to the defendants; that he knew of no claim of defendants on him for money or property, and that there was no debt or demand in suit between them, but averred that he held a mortgage upon a property of defendants as collateral security for a debt due by defendants and guaranteed by garnishee, and should he be relieved from responsibility, defendants would be interested in its distribution. He pleaded *nulla bona*. The jury found a verdict for the plaintiffs for $5 53. *Held*, that the garnishee was liable for costs.

2. The fact that at the trial the garnishee presented an account showing $5 53 to be in his hands did not relieve him from the liability.

Before MERCUR, C. J.; GORDON, PAXSON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ.

Error to the Court of Common Pleas, No. 2, of *Philadelphia County*.

The facts as they appeared at the trial, and in the records of the court below, were as follows:

On February 14, 1879, judgment was entered against George L. Moore and Henry B. Moore in favor of plaintiffs for $2,370 52, and an attachment execution was issued and served on H. G. Harris and Catharine C. McFillin. In his answers to the interrogatories, Harris averred that there was no balance in his hands in favor of defendants; that he was not at the service of the writ, nor had he been since indebted to the defendants; that he knew of no claim of defendants on him for money or property, and

[Harris *v.* Wainwright.]

that there was no debt or demand in suit between him and the defendants.

In answer to an interrogatory as to whether he had in his hands any property in which the defendants were interested, he replied as follows:

"I had in my hands when said writ was served a mortgage of $1,500, in which said defendants were interested. The said mortgage was held by me as collateral security for a guarantee I had made of the said amount of $1,500 to a creditor of said defendants, and for any sums that might be due me by said defendants. The mortgage was upon a property of said defendants. The said debt so guaranteed is disputed by said defendants, but the creditor claims to hold me responsible on my guaranty. Should the creditor's claim be successfully disputed by said defendants, and I relieved from liability, the defendants would be interested in the distribution of the proceeds of the mortgage to see them properly applied."

On April 6, 1879, the plaintiffs ruled the garnishee to plead. On May 2, 1879, the garnishee pleaded *nulla bona.*

At the trial May 5, 1881, the garnishee presented a statement by which he showed that he had in his hands $5 53 belonging to the defendants. The jury found "verdict for plaintiffs, and find in the hands of the garnishee $5 53."

On February 19, 1882, the Court entered a decree awarding $177 40 costs to the plaintiffs.

The garnishee thereupon took this writ, assigning for error the action of the court in entering a decree awarding plaintiffs their costs.

*H. G. & A. H. Harris* for plaintiffs in error.

Where the accounts of a garnishee with a defendant are in an unsettled state, and answers will not admit of judgment being taken, the Court must direct an issue, and the case proceed to trial: Bank *v.* Gross, 14 Wright, 229.

In such a case the costs of trial cannot be said to be occasioned by the fault of the garnishee, and he is not held liable for them.

A pledgee need not admit any sum due the plaintiff till he has realized his own claims: Coles *v.* Sellers, 1 Phila., 533; Myers *v.* Baltzel, 1 Wr., 493.

This case is ruled by Newlin *v.* Scott, 2 Casey, 102, in which the Court decides that even if a garnishee plead *nulla bona*, if, by his answers, he admits certain effects in his hands, it is equivalent to a tender of them, and costs cannot be collected.

[Hoffner *v.* The Logan Square Building and Loan Association.]

*William H. Peace* for defendants in error.

Had the garnishee annexed his accounts with the defendants to his answers, or tendered judgment for the amount the jury found due, he would have been relieved from the costs, but this he did not do. Therefore, as to this question of liability for costs, he must stand or fall by his answers and his plea of *nulla bona:* Walker *v.* Wallace, 2 Dallas, 113.

FEBRUARY 4TH, 1884.—PER CURIAM : In answer to interrogatories served on him, the garnishee averred that he was not, at the service of the writ, nor had he been since indebted to the defendants in the judgment on which the attachment issued ; nor did said defendants have any claim on him for money or property whatsoever. He proceeds to state a contingency in which they might be interested in the distribution of the product of a mortgage, on their property, which he held as collateral security. This answer not being satisfactory to the defendants in error, he put in the plea of *nulla bona,* and on the trial a verdict was rendered against him for $5 53 found to be in his hands, for which sum, with costs, judgment was entered against him. His complaint now is, that he is not liable for costs. It is true, on the trial, he did present a statement showing $5 53 to be in his hands. That, however, was too late to relieve him from costs. Having denied all indebtedness and all claims for property, both in his answers and by his plea, and the jury having found against him, he became liable for costs.

Judgment affirmed.